UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE TUCKER,

        Plaintiff,                         Case No. 20-cv-13096

v.                                    Paul D. Borman
                                    United States District Judge

GINA HASPEL, Director of CIA,
and PAUL M. NAKASONE, General

        Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

On November 6, 2020, Plaintiff Christopher Tucker, proceeding without counsel, filed his Complaint in this matter. (ECF No. 1.) Plaintiff also filed "Attachments to Complaint." (ECF No. 2.) These two documents combined total over 2700 pages.

Plaintiff has paid the filing fee, and thus the Court cannot screen his complaint under 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) ("[W]e hold that § 1915(e)(2) applies only to in forma pauperis proceedings."). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). "A complaint 'is frivolous when it lacks an arguable basis either in fact or in law;'" a complaint "lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.'" *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)).[1] But *sua sponte* dismissal "is appropriate in only the rarest of circumstances where … the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] [federal] court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (citations omitted). This case falls within those rarest of circumstances.

In considering whether a complaint should be dismissed *sua sponte* for lack of subject matter jurisdiction, the Court is especially mindful that "[p]ro se plaintiffs

---

[1] While *Abner* and *Neitzke* analyze whether a complaint is frivolous under the context of the screening process for in forma pauperis complaints prescribed in 28 U.S.C. § 1915(e)(2), and these screening procedures do not apply to fee-paid complaints, *Abner* and *Neitzke* provide guidance on how the Sixth Circuit defines "frivolous."

enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] pro se complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).

Further, a complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction …

(2) a short and pain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought….

Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff's complaint contains none of these.

After reviewing Plaintiff's Complaint and the voluminous attachments thereto, which span over 2700 pages, the Court concludes that the Complaint should be dismissed for lack of subject matter jurisdiction because the claims are totally implausible, frivolous, or devoid of merit. Plaintiff's Complaint is nearly incomprehensible, but the overall theme appears to be that he has been subjected to

3

illegal surveillance by various government agencies and individuals. However, after

reviewing the pleadings in their entirety, the Court is unable to identify from the

pleadings any possibility of a lawful claim for relief, and the Court is not obligated

to entertain a civil action grounded only in the Plaintiff's imagination. *See Dekoven*

*v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.), *aff'd*, 22 F. App'x 496 (6th Cir.

2001).

> Under the "Basis for Jurisdiction," the Complaint states:
>
> Cognitive radio electronic warfare (Illegal Electronic Surviilance [sic],
> Right to privacy, Illegal use of electromagnegtic [sic] device (Public
> Transportation), constitutional rights added to statement of claims, ect.
> [sic] The usage of the pronoun while speaking about the present
> company for Illegal purposes not legal purposes. Federal Tort Law,
> False Claims, family and certain friends, Cyber Crime, Priest Penitent
> privilege.

(ECF No. 1 at PgID 2792.) Plaintiff's narrative that comprises his "Statement of

Claim," states "Attacked by United States Government in the phillippines [sic] &

United States," (ECF No. 1 at PgID 2795), followed by approximately 50 pages

purporting to set forth four "statements of claims," but generally only listing or

restating various federal and state statutes and legislation governing electronic

surveillance and/or federal investigative authority or firearms, and broadly asserting

"[d]efamation from the government to force [Plaintiff] suicide and to destroy [his]

character, followed by a general overview of defamation law. (*Id.* at PgID 2796-

2846.) Then, under "Relief" sought, the Complaint states "The lose [sic] of limb or

4

site [sic], defamanation [sic] on me and family, use of illegal electro magnegtic [sic] device, destruction of Electronic equipment, hacking social groups, cybe [sic] crime." (*Id.* PgID 2847.)

Plaintiff's Complaint patently fails to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any other recognized body of law. These allegations mirror those set forth in actions previously filed by Plaintiff, which were found equally frivolous and summarily dismissed with prejudice. *See Tucker v. FBI Headquarters*, No. 19-13626, 2020 WL 2059866 (E.D. Mich. Apr. 29, 2020) (dismissing complaint with prejudice *sua sponte* under Rule 12(b)(1) for want of subject matter jurisdiction); *Tucker v. Federal Bureau of Investigation*, No. 19-12031 (E.D. Mich. July 30, 2019) (granting plaintiff's application to proceed in forma pauperis but summarily dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted). Like the decision in *Tucker*, 2020 WL 2059866, at *3, after reviewing the record, this Court finds that "[i]t is clear that this Court is not the forum that can provide [the plaintiff] with the type of assistance [he] truly needs," and his "allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that [the] [d]efendants and various . . . state and federal officials [and other unnamed persons and entities, either real or imaginary] are engaged in an elaborate and massive criminal conspiracy to torture and torment

[him]." *Marshall v. Stengel*, No. 10-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010); *see also Teddy-Lawrence v. Mellos*, No. 11-10980, 2012 WL 3731707, at *1 (E.D. Mich. Aug. 28, 2012), *aff'd*, No. 12-2192 (6th Cir. Feb. 11, 2013) ("[T]he complaint itself [is] an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish [and] the pleading violate[s] all the basic precepts of Federal Rule of Civil Procedure 8 and fail[s] to state an intelligible claim.").

For the foregoing reasons, the Plaintiff's Complaint lacks the legal plausibility necessary to invoke federal subject matter jurisdiction as to any federal claim against any defendant in this case and is **DISMISSED WITH PREJUDICE** pursuant to the Court's authority established in *Apple v. Glenn*.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: December 4, 2020